```
                      IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
                               EASTERN DIVISION

UNITED STATES OF AMERICA,           )   Docket No. 10 C 3976
                                    )
                   Plaintiff,       )
                                    )
            v.                      )   Chicago, Illinois
                                    )   August 4, 2011
ADAM B. RESNICK,                    )   9:30 o'clock a.m.
                                    )
                   Defendant.       )

              TRANSCRIPT OF PROCEEDINGS - STATUS, MOTION
                BEFORE THE HONORABLE WILLIAM J. HIBBLER

APPEARANCES:

For the Plaintiff:        UNITED STATES DEPARTMENT OF JUSTICE
                          Tax Division, by
                          MS. RAAGNEE BERI
                          P. O. Box 55
                          Ben Franklin Station
                          Washington, DC 20044

For the Defendant:        MR. ADAM B. RESNICK, pro se




ALSO PRESENT:             MS. CAROLYN GURLAND
```

ALEXANDRA ROTH, CSR, RPR
Official Court Reporter
219 South Dearborn Street
Room 1224
Chicago, Illinois 60604
(312) 408-5038

```
 1        (Proceedings had in open court:)
 2             THE CLERK:  10 C 3976, USA versus Resnick for status
 3   and motion.
 4             MS. BERI:  Good morning, your Honor.  Raagnee Beri for
 5   the United States.
 6             THE COURT:  Good morning.
 7             MR. RESNICK:  Your Honor, Adam Resnick, pro se.
 8             THE COURT:  Good morning.
 9             The Court has received the government's motion for
10   partial summary judgment.  And the Court has also received
11   notification from the defendant that you need a two-week
12   extension to file your cross-motion for summary judgment.
13             MR. RESNICK:  Actually, your Honor, there is a few
14   matters.  I have not received responses to the interrogatories.
15   Now Ms. Beri notified me she was out of pocket for about a
16   month.  And I was trying to get a hold of her.  And she was out
17   of the country.  And we realized on -- or she acknowledged on
18   Friday that she had not received the interrogatories.  And I
19   was waiting for the responses.  So that's the first matter.
20             The second is, I don't intend -- I most likely will
21   not file my own dispositive motion.  But I will be filing
22   substantive responses to the government's motion for summary
23   judgment.
24             So getting back to the first matter, I think we agreed
25   that I would hand her another copy of the interrogatories
```

today, which may -- and once I receive them, I won't need a lot of time, your Honor, to decide my course of action from there.

But there is another -- I have an attorney here who has represented me on some tangential, ancillary matters. And so if I could just have her maybe speak because it has some bearing on the whole --

THE COURT: Well, is she representing you in this matter?

MS. GURLAND: Not -- your Honor, my name is Carolyn Gurland. I am an attorney here in Chicago, and I have represented Mr. Resnick on a number of matters going back to several years, most recently before Judge Andersen in connection with availability of money in the qui tam -- the qui tam relator share.

So the reason I am here today, your Honor, is that Mr. Resnick and I actually just learned within the last couple of weeks that a portion of the money that the IRS has for the last year been seeking against Mr. Resnick -- that they have been in negotiations going back I don't know how many months with the U.S. attorney's office and have already collected a portion, and more so have already asserted a first priority lien in all of the money that's sitting at the United States Treasury, the very same money that they have been seeking to collect from Mr. Resnick.

And so I wanted to, if I could, provide the Court just

1 a little bit of context about where we arrived at this point
2 and what I find sort of a -- relatively disturbing because it
3 would have seemed --
4     THE COURT: Counsel, let me stop you.
5     The Court is not in a position to accept your
6 representation or anyone else's as to the ultimate issues
7 involved in this case. You are not of counsel in the case.
8 And so that would be unfair to the other side to let you
9 expound upon the fairness or lack thereof in this process.
10     MS. GURLAND: It wasn't necessarily -- I could
11 restrict my remarks to sort of a historical recitation of
12 things that I was intimately familiar with because there are a
13 number of related litigations in this case.
14     THE COURT: If there comes a time when that
15 information is relevant and the Court would want to hear it, it
16 would be subject to cross-examination, not a statement from a
17 party as to issues that may touch upon this case.
18     MS. GURLAND: I understand.
19     THE COURT: It's not fair to do it this way.
20     MS. GURLAND: I understand, your Honor.
21     There may be an instance, just depending upon how this
22 plays out and in connection with Mr. Resnick's response to
23 the -- his substantive response to the summary judgment motion
24 that I may seek leave to come into this case on Mr. Resnick's
25 behalf, just to make sure that all of these issues as to how

and when this lack of disclosure for money that they already have has come about here. I think I might -- I might well involve myself in that process on Mr. Resnick's behalf.

    THE COURT: If you wish to file an appearance, certainly the Court is not going to impact that decision on your part or Mr. Resnick's part.

    MR. RESNICK: Your Honor --

    THE COURT: Getting back to the issue before the Court at this point, you agree that there are some answers to interrogatories which Mr. Resnick has not yet received?

    MS. BERI: No, your Honor, not exactly. Mr. Resnick did contact me over a month ago about interrogatories, and I responded saying that we have no record of receiving any interrogatories. And we did discuss this little bit over e-mail couple days ago, and Mr. Resnick said that he had faxed interrogatories to our office and agreed that he would give me a copy of those today.

    Now, we agreed to accept that, not waiving any privilege claims or late service claims or any other defenses that we may make in response to interrogatories.

    THE COURT: Okay. So you get his interrogatories today.

    Yes, sir.

    MR. RESNICK: Well, there is two issues. We have had -- and I assume part of it because I'm pro se and I am new

at this. We have had a few communication -- miscommunication issues. Ms. Beri did miss a date, which I have -- of other filings, and I accepted them late. But I did fax the interrogatories. I don't have any e-mail communications between the two of us that she didn't receive the interrogatories until two days ago.

And secondly, the biggest issue here is that the government has been proceeding for the last nine months -- eight months, excuse me, with this case alleging that I owe approximately a million five when in fact they collected per an agreement filed in this Court between the FDIC and another party, they -- the government collected approximately $747,000 in January. Yet we've been standing before you and I've been defending this case based on the notion that I -- that they allege that I owed a million five.

And I just don't understand how they have proceeded in this Court.

THE COURT: That may very well be an ultimate issue also. And we are beyond the whole problem of the interrogatory answers.

How many interrogatories is it that you are serving upon the plaintiff in this case?

MR. RESNICK: Forty-one, but they're somewhat -- I mean, it's 41.

MS. BERI: Your Honor, we -- I assume we will be

1  asserting in response to that that we don't have to respond to
2  that because it's over the rule limit 25.
3        THE COURT: That does exceed the normal statutory
4  limit. I don't want to get into a big fight about this. I
5  would suggest that if there are subparts or if there are some
6  that the information is not necessary for you to respond to
7  summary judgment. I am going to give the government 21 days to
8  respond to those interrogatories, the ones that are agreed
9  upon. Or if you can't agree, then I am sure --
10       MR. RESNICK: I can narrow it down, your Honor.
11       THE COURT: Okay. At that point then you will have
12 those answers within 21 days of today. That will be by August
13 25.
14       How much time after August 25 will you need to respond
15 to the pending motion for partial summary judgment?
16       MR. RESNICK: I will defer to you, your Honor, what
17 you think is reasonable.
18       THE COURT: Well, I am not going to have to do the
19 work. You are. Three weeks?
20       MR. RESNICK: That would be adequate, your Honor.
21       THE COURT: So we will set a date for your response 42
22 days from today. That would be by -- according to my calendar,
23 that would be by September 15, Jackie?
24       THE CLERK: Yes, sir.
25       MR. RESNICK: Your Honor, may I -- because there is

```
 1   41, I think that I can narrow it down.  Can I e-mail them to
 2   Ms. Beri by day's end?  Would that be adequate?
 3              THE COURT:  Sure.  The --
 4              MR. RESNICK:  Twenty-five.
 5              THE COURT:  Okay.  Then the defendant will file his
 6   amended request for interrogatory responses by the end of
 7   business.  I will say by the end of business tomorrow, the 5th
 8   of August.
 9              Your response will then be due --
10              THE CLERK:  The 26th.
11              THE COURT:  -- by the 16th of September, right?
12              MR. RESNICK:  Your Honor --
13              THE COURT:  I was talking about his response to
14   summary judgment will be by that September 16.  The plaintiff's
15   response to the interrogatories will be due, that 21 days is
16   what date?
17              THE CLERK:  Twenty-one days from tomorrow will be
18   August 26.
19              THE COURT:  August 26.
20              Then the only thing that we have left to do is to pick
21   a date for the plaintiff to reply on your motion for partial
22   summery judgment.  How much time do you need?
23              MS. BERI:  A week or ten days maybe.
24              THE COURT:  Ten days from September 16.
25              THE CLERK:  The 26th, Monday, the 26th.
```

1       THE COURT: September 26.
2       MR. RESNICK: Your Honor, can I clarify one more
3   matter?
4       THE COURT: Yes.
5       MR. RESNICK: I just want to make sure that the
6   plaintiff is not going to claim again that the interrogatories
7   are late and, therefore, it would throw off the schedule that
8   you just set. I think we settled that matter, but I am not
9   sure.
10      THE COURT: Well, I anticipate that you will file
11  them. If you folks agree that you are going to e-mail those to
12  them or however you plan upon delivering them, I don't
13  anticipate you will -- I anticipate you will file them by the
14  end of business tomorrow and that there should be no issue as
15  to receipt by the plaintiff.
16      MR. RESNICK: Thank you, your Honor.
17      THE COURT: Thank you.
18      Hold on for just a second. Now, this is only a motion
19  for partial summary judgment.
20      MS. BERI: Yes, your Honor. We would probably be
21  moving to dismiss 2000 and -- I believe it's the year 2000
22  without prejudice. But I will file a motion for that. The
23  United States collected all of the -- its claim for 2000
24  recently. And --
25      THE COURT: So are you telling me then that if you

1 prevail on the motion for summary judgment or lose that motion,
2 based upon your dismissal of other years the case would be
3 resolved upon ruling on this motion for partial summary
4 judgment?

5 MS. BERI: If we do not prevail on the summary
6 judgment, then the case will not be resolved. We will continue
7 to trial. But if we do prevail, it should be resolved barring
8 any -- any other issues that might come up with the year 2000.
9 But we collected that in full.

10 THE COURT: Then what the Court will do is I will set
11 a status with the Court's ruling on the pending motion.

12 MR. RESNICK: Your Honor, sorry.

13 THE COURT: Yes.

14 MR. RESNICK: I'm not clear as to how they can move to
15 dismiss without prejudice when she just said they collected the
16 money in full for the year 2000.

17 THE COURT: Well, I will decide whether it should be
18 with or without prejudice --

19 MR. RESNICK: Thank you, your Honor.

20 THE COURT: -- if you have an objection to that.

21 MS. BERI: Thank you, your Honor.

22 (Which were all the proceedings had at the hearing of the
23 within cause on the day and date hereof.)

24

25

1     CERTIFICATE

2         I HEREBY CERTIFY that the foregoing is a true, correct
3   and complete transcript of the proceedings had at the hearing
4   of the aforementioned cause on the day and date hereof.
5
6    /s/Alexandra Roth                              8/29/2011
     _____     _____
7    Official Court Reporter                        Date
     U.S. District Court
8    Northern District of Illinois
     Eastern Division