# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 CV 3976 |
| v. ) | |
| ) | Honorable John W. Darrah |
| ADAM B. RESNICK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States, brings this action against Adam B. Resnick seeking to recover unpaid income tax liability for the years 1998, 1999, 2000, and 2002, as well as penalties and interest. The United States has moved for partial summary judgment as to years 1998, 1999, and 2002, arguing that there is no issue of material fact concerning the assessment of taxes against Resnick and his continued obligation to pay those assessments. Resnick opposes the Government's motion, arguing, first, that the relevant period of limitations has expired for tax years 1998 and 1999 and second, that the Government's accounting of the amount owed for years 1998, 1999, and 2002 is inaccurate.

## BACKGROUND

On the dates listed below, the Secretary of Treasury made the following assessments against Resnick based on his self-reported income tax returns for the years 1998, 1999, and 2002.

1

| Tax Period Ended | Date of Assessment | Assessment Amount | Assessment Type |
|---|---|---|---|
| 12/31/1998 | 6/7/1999 | $315,439.00 | Tax Assessed |
| | 6/7/1999 | $3,132.39 | Failure to Pay Tax Penalty |
| | 6/7/1999 | $3,659.53 | Interest Assessed |
| | 10/17/2005 | $75,177.35 | Failure to Pay Tax Penalty |
| 12/31/1999 | 5/29/2000 | $57,787.00 | Tax Assessed |
| | 5/29/2000 | $577.87 | Failure to Pay Tax Penalty |
| | 5/29/2000 | $628.55 | Interest Assessed |
| | 12/25/2000 | $2,890.39 | Interest Assessed |
| | 12/25/2000 | $2,311.48 | Failure to Pay Tax Penalty |
| | 2/5/2001 | $1,339.40 | Dishonored Check Penalty |
| | 10/17/2005 | $11,557.40 | Failure to Pay Tax Penalty |
| 12/31/2002 | 4/5/2004 | $17,068.00 | Tax Assessed |
| | 4/5/2004 | $1,536.12 | Late Filing Penalty |
| | 4/5/2004 | $927.78 | Failure to Pay Tax Penalty |
| | 4/5/2004 | $792.35 | Interest Assessed |
| | 7/12/2004 | $1.55 | Failure to Pay Tax Penalty |
| | 11/15/2004 | $928.09 | Late Filing Penalty |
| | 11/15/2004 | $7,574.10 | Additional Tax Assessed by Examination |
| | 10/17/2005 | $801.64 | Failure to Pay Tax Penalty |
| | 10/2/2006 | $699.65 | Failure to Pay Tax Penalty |
| | 10/1/2007 | $116.61 | Failure to Pay Tax Penalty |

(Pl. Rule 56.1 Statement (hereinafter "Pl. St.") ¶ 5.) The Secretary of Treasury gave Resnick notice of those assessments. (Pl. St. ¶ 6.) Resnick admits that he has not been able to pay his 1998, 1999, and 2002 tax liabilities (Def. Resp. to Pl. St. ¶ 7), but denies that he remains indebted to the Untied States for the amounts related to the 1998 and 1999 returns because he claims that the relevant statute-of-limitations period has passed.

## LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

## ANALYSIS

Resnick's primary argument in response to the Government's Motion for Summary Judgment is that he cannot remain liable for his 1998 and 1999 tax liabilities

3

because the Government initiated this action after the relevant statute-of-limitations period had passed.

Section 6502(a)(1) of the Internal Revenue Code provides that taxes may be collected via court proceeding provided the proceeding is initiated within ten years of the assessment of the taxes. 26 U.S.C. § 6502(a)(1). The federal income tax assessments made against Resnick for the 1998 and 1999 tax periods were made on June 7, 1999 and May 29, 2000, respectively. This action was initiated on June 25, 2010, more than ten years after the assessment dates.

The Government correctly points out, however, that tolling of the limitations period may be suspended by a tax payer's offer-in-compromise. Offers-in-compromise are essentially applications to the Internal Revenue Service, filed by people who are delinquent on their federal taxes, offering to settle their debt for less than the full amount owed. Offers-in-compromise generally suspend the running of the collection period of limitations during the time the offer is pending, plus, if the IRS rejects the offer, for an additional 30 days following the rejection. *See* 26 U.S.C. §§ 6331(k)(3) and (i)(5).

In this case, the Government points to evidence indicating that Resnick submitted three offers-in-compromise relevant to the calculations of the suspension of the running of the collection period of limitations. That evidence is in the form of a "certificate of official record," which is certified by an IRS accounting operations manager to be a true and complete transcript of "all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto" relating to Resnick.[1] (Dkt. No. 17-4.) The document indicates that Resnick submitted his first offer-in-

---

[1] The Government does not append any of the actual offers-in-compromise to its pleadings.

4

compromise on November 24, 1999, which he withdrew on December 6, 2000; he submitted the second one on May 2, 2001, which he withdrew on September 10, 2001; and he submitted his third on January 6, 2004, which was rejected on March 4, 2004.

Resnick appears to concede that his offers-in-compromise, if submitted on the dates the Government claims, would suspend the collection period such that this enforcement action would be timely. He maintains, however, that a factual dispute concerning if and when the offers-in-compromise were filed remains, because the evidence offered by the Government is "inconsistent with Resnick's best recollection." (Dkt. No. 33 at 3.) Resnick states: "To the best of my recollection, the information contained in the Certificates of Official Record (COR) regarding such alleged offers in compromise is incorrect. While I acknowledge that it is possible that my recollection could be wrong, to the best of my knowledge, I believe that the information on the COR regarding alleged offers in compromise is incorrect." (*Id.*) Resnick argues that the Court cannot grant summary judgment because a finder of fact is still needed to resolve the parties' inconsistent positions about whether and when Resnick submitted offers-in-compromise.

The Court finds that Resnick's lack of memory concerning the offers-in-compromise does not create an issue of fact precluding summary judgment. The Government has presented evidence that Resnick submitted three offers-in-compromise on dates noted above. At the summary judgment stage, the Court will deem that evidence controverted only if Resnick denies it and then refers the Court to some evidentiary support for that denial. Local Rule 56.1(b)(3). While it is true that a party may submit "self-serving" affidavits as evidence on summary judgment, self-serving evidence will

5

not create an issue of material fact where it is based on "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'r Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991). "Speculation does not create a genuine issue of fact; instead, it creates a false issue the demolition of which is a primary goal of summary judgment." *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995). Resnick's claim that he cannot find the offers-in-compromise in his files, and does not quite remember if and when he submitted them, is too speculative and too vague to constitute a denial. The Government's evidence concerning Resnick's offers-in-compromise is, therefore, uncontroverted.

Accordingly, the Court finds that there is no material issue of fact concerning whether and when Resnick submitted his offers-in-compromise.

Resnick next argues that the United States' final calculations of the amounts due and owing from him (attested to by Alex Porrata's Declaration) must be incorrect because they do not correspond to the numbers in the IRS's Certificates of Official Record or Certificates of Assessment. The Government responds by explaining that the balance attested to by Alex Porrata's Declaration contains the assessments plus all statutory interest accruals up to August 1, 2001, while the Certificate of Assessments do not account for unassessed statutory interest accruals. Accordingly, the inconsistencies identified by Resnick do not create a factual dispute concerning the amount Resnick owes pursuant to his IRS assessment. Because Resnick concedes the validity of the IRS's assessments and provides no explanation for why statutory interest accruals should not be applied to those assessments, the Government is entitled to summary judgment in the

amount of $763,333.27, plus any statutory additions that have accrued since August 1, 2001.

## CONCLUSION

For the above reasons, the United States' Motion for Partial Summary Judgment is granted.

IT IS SO ORDERED.

3-29-12
Dated

Hon. John W. Darrah
United States District Court Judge